**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A. McMillan,<br><br>           Plaintiff,<br>vs.<br><br>Merrick Garland, et al.,<br><br>           Defendants. | No. CV-21-01036-PHX-SPL<br><br>**ORDER** |

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 34) filed by Defendants Merrick Garland and the United States Drug Enforcement Administration (the "Federal Defendants"). For the reasons that follow, the Motion will be granted.

**I.   BACKGROUND**

On April 7, 2020, Plaintiff Peter A. McMillan—then a Special Agent with the Phoenix Division of the United States Drug Enforcement Administration ("DEA") within the Department of Justice—was summoned to a meeting with Cheri Oz, Special Agent in charge of the DEA Phoenix Division. (Doc. 32 at 10). In attendance were Plaintiff, Ms. Oz, and a City of Phoenix police officer, later identified as DEA Group Supervisor Task Force Officer Stephen Reed, who was detailed to DEA by the Phoenix Police Department. (Doc. 32 at 10, 39). Ms. Oz told Plaintiff that "the reason for the meeting was to inform the Plaintiff that the Plaintiff had been referred to the DEA Office of Professional Responsibility by 'someone' in the Plaintiff's DEA enforcement group for

'malicious referral.'" (Doc. 32 at 10).

In his First Amended Complaint ("FAC"), Plaintiff alleges that "Ms. Oz knew or should have known that her purposeful/knowing decision to use Mr. Reed as a witness in an internal disciplinary matter constitutes a gross violation of the Plaintiff's Right to Privacy and placed Plaintiff in a false light." (Doc. 32 at 12). Plaintiff further alleges that "[t]he referral of Plaintiff to the DEA Office of Professional Responsibility should never have been shared with Mr. Reed whose presence was illegal." (Doc. 32 at 12). On that basis, the FAC alleges the tort of false light and violation of 5 U.S.C. § 552a, the Privacy Act, against Defendants Merrick Garland, the DEA, the City of Phoenix, and the Phoenix Police Department. (Doc. 32 at 5). In the instant motion, the Federal Defendants move to dismiss Plaintiff's claims against them.

## II.     LEGAL STANDARD[1]

Federal Rule of Civil Procedure ("Rule") 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (internal quotation maarks omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the

---

[1] Because the Court finds that it lacks subject matter jurisdiction, it will not address the merits of the FAC as raised under Rule 12(b)(6).

existence of subject matter jurisdiction in fact." *Id*. "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id*.

### III.     DISCUSSION

The Federal Defendants make a facial challenge to subject matter jurisdiction, so the facts alleged in the FAC are taken as true. The Federal Defendants argue that the Court lacks subject matter jurisdiction over both the Privacy Act and false light claims because they are preempted by the Civil Service Reform Act ("CSRA"). (Doc. 34 at 4, 10).

"The CSRA provides a remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'" *Orsay v. U.S. Dep't of Just.*, 289 F.3d 1125, 1128 (9th Cir. 2002) (quoting 5 U.S.C. § 2302), *abrogated on other grounds by Millbrook v. U.S.*, 569 U.S. 50 (2013). When challenged conduct "falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the plaintiff's] only remedy, and the federal courts cannot resolve [the] claims under the Privacy Act." *Id.* Likewise, "[i]nsofar as the CSRA offer[s] [Plaintiff] remedies, his state [common law] tort claims must be preempted to prevent them from conflicting with the remedial system that Congress prescribed for federal employees." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (holding that Plaintiff's defamation and invasion of privacy claims, among others, were barred by the CSRA). "The CSRA's elaborate remedies show that judicial interference in federal employment is disfavored . . . ." *Id.*

The key question, then, is whether Plaintiff's claims challenge "prohibited personnel practices" under the CSRA. In *Henderson v. U.S. Air Force, DMAFB*, the plaintiff, a federal civil service employee, alleged that his employer "failed to keep confidential and properly safeguard information" related to his employment. No. CV 06-323-TUC-FRZ (BPV), 2008 WL 4542761, at *3 (D. Ariz. 2008). The district court held that the failure to properly maintain the plaintiff's employment records and otherwise comply with the Privacy Act was a prohibited personnel practice under the CSRA, and

3

therefore dismissed the case for lack of subject matter jurisdiction. *Id.* at *2–3. The Ninth Circuit affirmed. *See Henderson v. U.S. Air Force*, 370 Fed. Appx. 807 (9th Cir. 2010); *see also Orsay*, 289 F.3d at 1129–30.

Similarly, here, Plaintiff alleges that the Federal Defendants failed to keep confidential the fact that he was referred to the DEA Office of Professional Responsibility because Ms. Oz shared that information in Mr. Reed's presence. As in *Henderson*, the allegations involve the Federal Defendants' maintenance of Plaintiff's employment records and compliance with the Privacy Act. Thus, the same result as *Henderson* follows: Plaintiff's claims involve prohibited personnel practices under the CSRA, so the CSRA's administrative procedures provide his only remedy. This Court lacks subject matter jurisdiction to hear his claims.[2]

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). In this case, amendment of Plaintiff's claims against the Federal Defendants would be futile because the Court's lack of subject matter jurisdiction is incurable. *See Saul*, 928 F.2d at 843. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 34) is **granted**. Plaintiff's claims against Defendants Merrick Garland and the Drug Enforcement Administration are **dismissed without prejudice**.

///
///
///
///
///

---

[2] Because the Court lacks subject matter jurisdiction over Plaintiff's claims due to preemption by the CSRA, the Court need not address the other arguments raised in the Federal Defendants' Motion.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** Defendants Merrick Garland and the Drug Enforcement Administration as parties in this action.

Dated this 9th day of December, 2021.

_____
Honorable Steven P. Logan
United States District Judge