**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A. McMillan,<br><br>             Plaintiff,<br>vs.<br><br>Merrick Garland, et al.,<br><br>             Defendants. | No. CV-21-01036-PHX-SPL<br><br>**ORDER** |

Before the Court is a Motion to Dismiss for Failure to State a Claim (Doc. 51) filed by Defendants City of Phoenix and the Phoenix Police Department (the "City Defendants"). For the reasons that follow, the Motion will be granted.

**I.   BACKGROUND**

On April 7, 2020, Plaintiff Peter A. McMillan—then a Special Agent with the Phoenix Division of the United States Drug Enforcement Administration ("DEA") within the Department of Justice—was summoned to a meeting with Cheri Oz, Special Agent in charge of the DEA Phoenix Division. (Doc. 32 at 10). In attendance were Plaintiff, Ms. Oz, and a City of Phoenix police officer, later identified as DEA Group Supervisor Task Force Officer Stephen Reed, who was detailed to DEA by the Phoenix Police Department. (Doc. 32 at 10, 39). Ms. Oz told Plaintiff that "the reason for the meeting was to inform the Plaintiff that the Plaintiff had been referred to the DEA Office of Professional Responsibility by 'someone' in the Plaintiff's DEA enforcement group for 'malicious referral.'" (Doc. 32 at 10).

In his First Amended Complaint ("FAC"), Plaintiff alleges that "Ms. Oz knew or should have known that her purposeful/knowing decision to use Mr. Reed as a witness in an internal disciplinary matter constitutes a gross violation of the Plaintiff's Right to Privacy and placed Plaintiff in a false light." (Doc. 32 at 12). Plaintiff further alleges that "[t]he referral of Plaintiff to the DEA Office of Professional Responsibility should never have been shared with Mr. Reed whose presence was illegal." (Doc. 32 at 12). The FAC states that "as a non-federal employee and Arizona State certified law enforcement/Police officer of the City of Phoenix, Mr. Reed had a duty to refuse to participate as a witness." (Doc. 32 at 12). On that basis, the FAC alleged the tort of false light and violation of 5 U.S.C. § 552a, the Privacy Act, against Defendants Merrick Garland, the DEA, the City of Phoenix, and the Phoenix Police Department. (Doc. 32 at 4–5).

On December 9, 2021, the Court granted a Motion to Dismiss filed by Defendants Garland and the DEA (the "Federal Defendants") for lack of subject matter jurisdiction because the claims against them were preempted by the Civil Service Reform Act. (Doc. 50). In the instant motion, the City Defendants move to dismiss Plaintiff's claims against them.

**II.   LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks

omitted).

### III. DISCUSSION

#### a. Claims Against the Phoenix Police Department

The City Defendants argue that the Phoenix Police Department should be dismissed from this case because it is a non-jural entity that cannot be sued. (Doc. 51 at 3). Arizona law applies to determine whether the Phoenix Police Department has the capacity to be sued. *See* Fed. R. Civ. P. 17(b); *Machowicz v. Maricopa County*, No. CV-21-00316-PHX-JJT, 2021 WL 4319206, at *2 (D. Ariz. Sept. 23, 2021). In Arizona, "a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 224 Ariz. 481 (Ariz. Ct. App. 2010). Courts in this District have "acknowledged the consensus that Arizona's municipal law enforcement agencies, including the Phoenix Police Department, are not jural entities." *Machowicz*, 2021 WL 4319206, at *2 (citing cases). Thus, because the Phoenix Police Department cannot be sued, the claims against it will be dismissed without leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (holding a pro se complaint may be dismissed without leave to amend only where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (internal quotation marks omitted)).

#### b. Claims Against the City of Phoenix

The Court will address the Privacy Act and false light claims against the City of Phoenix in turn.

##### i. Privacy Act claim

The City Defendants argue that the Privacy Act claim against the City of Phoenix must be dismissed because the Privacy Act applies only to federal agencies. Indeed, "[t]he private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985); *Huling v. City of Los Banos*, 869 F. Supp. 2d 1139, 1154 (E.D. Cal. 2012) ("[The Privacy Act] applies only to the *federal government*, not to state or local government agencies . . . ."); *see also Dittman v. California*, 191 F.3d 1020,

1026 (9th Cir. 1999); 5 U.S.C. § 552(f)(1).

Nonetheless, Plaintiff argues that the City of Phoenix is subject to Privacy Act liability because it entered into a partnership with the DEA and Department of Justice ("DOJ"), and under Arizona law, all partners are personally liable for the liabilities of the partnership. (Doc. 53 at 8–9). While creative, this argument is unavailing. Plaintiff cites to the Revised Uniform Partnership Act ("RUPA"), specifically A.R.S. § 29-1026, for his statements on the liability of partners. (Doc. 53 at 8). In the RUPA, a "partnership" is defined as "an association or entity formed under § 29-1012, a predecessor law or a comparable law of another jurisdiction." A.R.S. § 29-1001(11). A partnership is formed under § 29-1012 by "the association of two or more persons to carry on as co-owners a business for profit." While a "person" under the RUPA can be any legal entity, including a government or governmental subdivision, *see* A.R.S. § 29-1001(15), Plaintiff does not allege, nor can the Court plausibly infer, that the City of Phoenix associated with the DEA or DOJ to carry on as co-owners a business for profit. Rather, the FAC alleges that "[t]here is a written agreement between the DEA office of chief counsel and the City of Phoenix Police Department" and that Mr. Reed was "a task force officer detailed to DEA by the Phoenix Police Department work for a specific purpose." (Doc. 32 at 39). While Plaintiff does not specifically allege what that purpose was, the only plausible conclusion is that the City of Phoenix, the DEA, and the DOJ were working to enforce the law—not to pursue a for-profit business venture.

Moreover, even if the City of Phoenix and the DEA or DOJ did form a partnership under the RUPA, Plaintiff's argument would still fail because the Court has already dismissed Plaintiff's Privacy Act claim against the Federal Defendants. (Doc. 50). The Federal Defendants have no Privacy Act liability in this case, so Plaintiff cannot viably argue that the City of Phoenix shares their Privacy Act liability as a partner under the RUPA. *See* A.R.S. § 29-1026.

Apart from Plaintiff's RUPA argument, he also argues that the City of Phoenix is subject to the Privacy Act in this case because, as a federal task force officer, Mr. Reed

was acting under the color of federal law. (Doc. 53 at 9). But all of the case law Plaintiff cites refers to claims under 42 U.S.C. § 1983, which applies to officials acting under color of state law, or a *Bivens* claim, which provides a remedy when an official acting under color of federal law violates certain constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). That case law is irrelevant to Plaintiff's claim under the Privacy Act, which by its terms applies only to federal agencies. Because only federal agencies are subject to liability under the Privacy Act, and because the City of Phoenix is not a federal agency, Plaintiff's Privacy Act claim against the City of Phoenix will be dismissed without leave to amend. *Akhtar v. Mesa*, 698 F.3d at 1212.

### ii. False light claim

The City Defendants first argue that the FAC fails to state a claim for false light invasion of privacy because it fails to allege facts to support the elements of a false light claim. "To establish a claim for false light invasion of privacy, a plaintiff must show (1) the defendant, with knowledge of falsity or reckless disregard for the truth, gave publicity to information placing the plaintiff in a false light, and (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person in the plaintiff's position." *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 450 (Ariz. Ct. App. 2015). Even if true, a statement may give rise to a false light claim "if it creates a false implication about the person." *Id.* "The publication must be to the public at large, or to so many persons that the matter must be regarded substantially certain to become one of public knowledge." *Christakis v. Deitsch*, 478 P.3d 241, 244 (Ariz. Ct. App. 2020) (internal quotation marks omitted).

Here, the FAC does not allege that Mr. Reed, nor anyone associated with the City of Phoenix, gave *any* level of publicity to any information placing Plaintiff in a false light. Rather, it was Ms. Oz—a federal DEA agent—who disclosed Plaintiff's disciplinary referral; Mr. Reed merely heard that disclosure. In fact, as the City Defendants point out, the FAC specifically alleges that Mr. Reed "sat silent" as Mr. Oz

allegedly committed the tort of false light. (Doc. 32 at 40). There is no basis for a false light claim against the City of Phoenix just because one of its officers was present while someone else allegedly committed a tort.

Plaintiff argues in his Response that if Mr. Reed was willing to witness the disclosure of Plaintiff's personal information, "then it is reasonable to suspect he divulged it to others." (Doc. 53 at 11). The FAC alleges no facts giving rise to such an inference, however, and the Court disagrees that it is reasonable to conclude that someone publicly shared personnel information simply because they observed a meeting that they were asked to witness in a professional context. Plaintiff states that he "will not be able to establish that element without legal discovery." (Doc. 53 at 15). But "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, . . . requiring costly and time consuming discovery and trial work would represent an abdication of . . . judicial responsibility." *Id.* The Court cannot allow Plaintiff to conduct a fishing expedition for evidence that Mr. Reed gave publicity to Plaintiff's disciplinary referral when there is no reason to believe that any such evidence exists.

The fact that Plaintiff is unaware of any further publicity highlights another deficiency in the false light claim. The alleged "publication" of the information involved only three people: Ms. Oz, Mr. Reed, and Plaintiff himself—certainly not the public at large nor so many people that it would likely become public knowledge. In *Christakis*, the Arizona Court of Appeals held that a letter sent by the defendant only to the plaintiff and two other individuals was limited in its publication and was insufficient to give rise to a false light claim. *See Christakis*, 478 P.3d at 244–45. Likewise, here, the disclosure of information among only three individuals cannot form the basis for a false light claim. The FAC wholly fails to allege that Mr. Reed or anyone associated with the City of Phoenix "gave publicity" to information about Plaintiff, so the false light claim must be

dismissed.

Separately, the City Defendants also argue that the false light claim should be dismissed because it is barred by the statute of limitations. A statute of limitations defense "is properly raised in a motion to dismiss where it appears from the face of the complaint that the claim is barred." *McCloud v. State*, 170 P.3d 691, 694 (Ariz. Ct. App. 2007) (internal quotation marks omitted). "The party opposing a motion to dismiss based on a statute of limitations defense bears the burden of proving the statute has been tolled." *Id.* (internal quotation marks omitted). Arizona law provides a one-year statute of limitations for both false light claims and claims against public entities. A.R.S. §§ 12-541(1), 12-821. A false light claim accrues on the date of publication. *Pinder v. 4716 Inc.*, 494 F. Supp. 3d 618, 627 (D. Ariz. 2020) (citing, among others, *Larue v. Brown*, 333 P.3d 767, 772 (Ariz. Ct. App. 2014)).

Here, the alleged publication took place on April 7, 2020, and Plaintiff filed this lawsuit more than a year later, on June 14, 2021. Plaintiff alleges, however, that he "could not reasonably have filed this complaint until the identification of Mr. Reed as an employee of the City of Phoenix/Police Department which the DEA purposely/knowingly sought to frustrate until April 28, 2021." (Doc. 32 at 11). Reading the FAC in the light most favorable to Plaintiff, this could be construed as grounds for equitable tolling of the statute of limitations. *See McCloud*, 170 P.3d at 697 ("Courts have applied equitable tolling when extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." (internal quotation marks omitted)). Still, as the City Defendants note, the FAC alleges that "Ms. Oz identified the unidentified man as a City of Phoenix Police Officer" during the April 7, 2020 meeting. (Doc. 32 at 10). Although Plaintiff did not know Mr. Reed's name until April 28, 2021, he did not *need* to know Mr. Reed's name in order to bring a lawsuit against the City of Phoenix; Plaintiff merely needed to know that the then-unidentified man was a City of Phoenix police officer, which he knew on April 7, 2020. Thus, Plaintiff cannot meet his burden to show that the statute of limitations was tolled.

In sum, Plaintiff's false light claim fails on two grounds: the FAC does not and cannot allege facts showing that Mr. Reed or anyone else associated with the City of Phoenix gave publicity to information about Plaintiff, and it is barred by the statute of limitations. Accordingly, Plaintiff's false light claim against the City of Phoenix will be dismissed without leave to amend.[1] *Akhtar v. Mesa*, 698 F.3d at 1212.

**IT IS THEREFORE ORDERED:**

1. That the Motion to Dismiss (Doc. 51) is **granted**;
2. That Defendants City of Phoenix and Phoenix Police Department are **dismissed with prejudice**; and
3. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 25th day of February, 2022.

Honorable Steven P. Logan
United States District Judge

---

[1] Even if the deficiencies in the false light claim were curable, which they are not, given that Plaintiff cannot state a Privacy Act claim, the Court would lack subject matter jurisdiction if Plaintiff were to file an amended complaint stating only a false light claim.