**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A. McMillan, | No. CV-21-01036-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Merrick Garland, et al., | |
| Defendants. | |

Before the Court is a Motion for Attorneys' Fees and Nontaxable Costs filed by Defendants City of Phoenix and the Phoenix Police Department. (Doc. 57). For the following reasons, the Motion will be granted as modified.

**I.      BACKGROUND**

On June 14, 2021, Plaintiff Peter A. McMillan filed a Complaint alleging violation of the Privacy Act and false light invasion of privacy against the Drug Enforcement Administration ("DEA") and Attorney General Merrick Garland (the "Federal Defendants"), as well as City of Phoenix Mayor Kate Gallego and Phoenix Police Chief Jeri Williams. (Doc. 1). On October 20, 2021, Plaintiff filed a First Amended Complaint ("FAC"), naming the City of Phoenix and the Phoenix Police Department (the "City Defendants") in place of Defendants Gallego and Williams. (Doc. 32). Plaintiff is a former DEA Agent. The basis for Plaintiff's claims was the presence of a Phoenix police officer who was detailed to the DEA at a meeting in which a DEA supervisor informed Plaintiff that he had been referred to the DEA Office of Professional Responsibility for malicious

referral. (Doc. 32 at 10).

On December 9, 2021, the Court granted the Federal Defendants' Motion to Dismiss, finding that the Court lacked subject matter jurisdiction because Plaintiff's claims against the Federal Defendants were preempted by the Civil Service Reform Act. (Doc. 50). On February 25, 2022, the Court granted the City Defendants' Motion to Dismiss, finding that Plaintiff failed to state a claim against them. The Court found that the Phoenix Police Department as a non-jural entity cannot be sued; that the City of Phoenix is not subject to the Privacy Act, which applies only to federal agencies; that no one from the City of Phoenix gave any publicity to any information to support a false light claim; and that the false light claim was barred by the statute of limitations. (Doc. 55).

On March 11, 2022, the City Defendants filed the instant Motion for Attorneys' Fees and Nontaxable Costs, requesting $7,936.45 in fees and costs incurred from this litigation pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. (Doc. 60). Plaintiff filed a Response (Doc. 58) and an Addendum to the Response (Doc. 59), and the City Defendants filed a Reply (Doc. 60). The Court now addresses the Motion.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This provision applies equally to pro se plaintiffs. *See Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235 (9th Cir. 1990). While the Ninth Circuit's cases "have been less than a model of clarity" as to the standard for sanctions under § 1927, a finding that a party "recklessly raised a *frivolous* argument" is sufficient to impose § 1927 sanctions. *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (internal quotation marks omitted).

The Court also has the inherent authority to award attorneys' fees as a sanction for "bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). A party acts in bad faith when they "act[ ] *for an improper purpose*—even if the act

consists of making a truthful statement or a non-frivolous argument or objection." *Id.* at 992. An improper purpose exists "where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides." *Id.* (internal quotation marks omitted). Under both § 1927 and its inherent powers, the Court "enjoy[s] much discretion in determining whether and how much sanctions are appropriate." *Haynes v. City & County of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012).

**III.   DISCUSSION**

While Plaintiff's claims against the City Defendants and his conduct throughout this litigation consistently toed the line of frivolousness, vexatiousness, and bad faith, the Court can conclude that he crossed that line such that sanctions are warranted on only one occasion. The City Defendants' argument is based largely on emails exchanged between Plaintiff and the City Defendants' counsel, Nicholas Acedo, during the course of this litigation. (Doc. 57-1). To briefly summarize those emails, Mr. Acedo thoroughly explained the deficiencies of Plaintiff's original Complaint, leading Plaintiff to file his FAC. Mr. Acedo then thoroughly explained the deficiencies of the FAC—the same deficiencies that led the Court to grant the City Defendants' Motion to Dismiss—which Plaintiff rebuked with similar arguments to those raised in his Response to the Motion to Dismiss.

While this brief summary omits Plaintiff's more vindictive statements, *see infra* notes 2 & 3, it demonstrates the core of why the Court concludes that Plaintiff's conduct is largely not subject to sanctions: it appears that for the most part, Plaintiff was genuinely attempting to make valid legal claims rather than recklessly proceeding with claims he knew to be frivolous. For example, after Mr. Acedo explained why Defendants Gallego and Williams were improper parties, Plaintiff wrote, "Based on your case citations, I agree to voluntarily dismiss your clients Mayor Gallego and Chief Williams." (Doc. 57-1 at 28). When Mr. Acedo later explained the deficiencies in the FAC, Plaintiff responded with lengthy counterarguments and referred to various legal authority. (Doc. 57-1 at 6–8). No matter how misguided and ill-founded his arguments were, it does not appear that he was

3

raising them *recklessly*. While the fact that Plaintiff is a law school graduate gives the Court pause, as the Court would expect a better understanding of the law (not to mention better decorum, *see infra* note 4) from someone with a law degree, he is not a licensed attorney. (Doc. 59 at 20). Thus, he cannot be held to the standard of a licensed attorney with respect to whether the pursuit of his claims was reckless. *See Girardi*, 611 F.3d at 1038 n.4 (stating that in the § 1927 context, "recklessness might be defined as a departure from ordinary standards of care that disregards a known or obvious risk" of sanctionable conduct). Even if Plaintiff's claims against the City Defendants were wholly frivolous, which the Court need not decide, his willingness to amend his claims and the fact that he spent time conducting research leads the Court to conclude that he did not pursue them recklessly.

Nonetheless, there is clear evidence that Plaintiff's continued pursuit of frivolous claims against Defendant Phoenix Police Department ("PPD") was reckless. On December 27, 2021, Mr. Acedo sent Plaintiff an email outlining four deficiencies in the FAC, one of which was that the PPD is a non-jural entity that cannot be sued. (Doc. 57-1 at 8–10). In his response sent later that day, Plaintiff responded thoroughly and substantively to the other three deficiencies. (Doc. 57-1 at 6–8). But as to the fact that the PPD cannot be sued, Plaintiff wrote only, "Look, assuming arguendo that I would be willing to agree with releasing PPD re: non-jural….what's in it for me?" (Doc. 57-1 at 6). This statement demonstrates that Plaintiff realized that he did not have a valid claim against the PPD but insisted on pressing forward with it because he felt he had no reason to dismiss it. In doing so, Plaintiff *recklessly* pursued frivolous claims that he *knew* had no merit, wasting the time and resources of the City Defendants and of this Court.[1] *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (holding that "recklessness plus knowledge was sufficient to justify the imposition of § 1927 sanctions"). Moreover, given that Plaintiff seemed to believe he had nothing to lose by continuing to pursue the frivolous claim, a sanction is warranted to deter future misconduct. *See Haynes*, 688 F.3d at 987 ("The

---

[1] Plaintiff's knowledge is further demonstrated by the fact that his Response to the Motion to Dismiss did not dispute that PPD is a non-jural entity. (Doc. 53 at 8).

purpose of § 1927 may be to deter . . . misconduct, or to compensate the victims . . . , or to both compensate and deter.").

An award under § 1927 "is intended only to cover excess costs incurred due to unreasonable conduct." *Myers v. Freescale Semiconductor Inc.*, No. CV-19-05243-PHX-MTL, 2020 WL 4530468, at *2 (D. Ariz. Aug. 6, 2020). Section III.A of the City Defendants' Motion to Dismiss addressed the fact that the PPD is a non-jural entity that cannot be sued. (Doc. 51 at 3). Defense counsel spent 0.6 hours drafting Section III.A, for which the City Defendants were billed $150. (Doc. 57-2 at 24). The Court will add an additional 0.1 hours and $25 for time spent addressing the issue in the Reply Brief (Doc. 54 at 1). Accordingly, the City Defendants will be awarded $175.00 under § 1927.

As to sanctions for bad faith under this Court's inherent powers, although there is some evidence that Plaintiff may have been acting in bad faith,[2] the Court cannot conclude that Plaintiff's conduct with respect to the City Defendants was *substantially motivated* by the vindictiveness and obduracy that he displayed rather than pursuit of what he generally believed to be valid claims. In addition, many of the examples that the City Defendants cite as examples of bad faith were directed toward the Federal Defendants after the Court dismissed the claims against them.[3] Such statements do not show that Plaintiff's actions

---

[2] *See, e.g.*, Doc. 57-1 at 3 ("I have been battling DEA/DOJ for over ten years. I am not playing games."); *id.* at 33 ("Given my military background my strategy has always been and will continue to be asymmetric: resistance is victory."); *id.* at 37 ("As I am proceeding pro se my total investment is $402.00 – not a princely sum. I figure the City of Phoenix has already spent more than that sum of money in retaining your legal services. It all comes down to a cost/benefit analysis. . . . I have everything to gain and nothing to lose which I have not already lost for the reasons stated in my complaint (et al)."). These statements suggest that Plaintiff may have been trying to prolong litigation to coerce the City Defendants into settling frivolous claims.

[3] *See, e.g.*, Doc. 57-1 at 40 ("And forcing you to read 350 pages of complaint and an equal number of pages in exhibits is well worth the cost of admission: $402.00."); *id.* ("All you have is procedural maneuvering which I will keep under legal siege until I find the proverbial weak spot. I look forward to conducting discovery and impeaching government officials for perjury which you know is a Giglio offense. Veterans never quit."); *id.* at 41 ("This is NOT over."). These statements are especially notable given that Plaintiff in fact filed another lawsuit against the Federal Defendants after the claims against them were dismissed in this case. *See McMillan v. U.S. Dep't of Just.*, No. 2:22-cv-00174-DLR (D. Ariz.).

*toward the City Defendants* were motivated by an improper purpose.

The fact that the Court's award here is relatively small should not be viewed as a condonation of Plaintiff's conduct in this litigation. Zealous advocacy does not give litigants license to personally malign opposing counsel or parties. Plaintiff's *ad hominem* attacks and use of expletives are wholly inappropriate and unacceptable to this Court. The case is now closed, but in the event that further filings occur, any documents containing similarly vitriolic language[4] will be stricken and subject to sanction. Moreover, Plaintiff should take heed that all civil proceedings in federal court are subject to Federal Rule of Civil Procedure Rule 11(b), which prohibits filings "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and requires that "claims . . . and other legal contentions [be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

///
///
///
///
///
///
///

---

[4] *See, e.g.*, Doc. 58 at 2 ("[N]ow Acedo seeks to cowardly sucker punch the Plaintiff in order to assuage his wounded pride. Acedo is a hypocrite: the proverbial pot calling the kettle black."); Doc. 59 at 2 ("There is nothing special about Acedo except his bloated ego. Acedo may be the Grand Poobah inside the four corners of his run-of-the-mill office in Chandler, Arizona. But outside that office Acedo puts his pants on one leg at a time."); *id.* at 6 ("Plaintiff was in Iraq while Acedo was safe at home teething in the Arizona Attorney General's office which explains his thin skin: *McMillan was not nice to me and bruised my ego so now I am going to file a motion for money I was already paid*."); *id.* (referring to "talk about honoring veterans" as "'[expletive]' lip service"); *id.* ("Acedo is nothing more than a cowardly sucker punch lapdog . . . ."); *id.* at 8 (referring to "the U.S. Department of Justice's '[expletive]'"). These statements came from Defendant's Response to the instant Motion and the Addendum to the Response. (Docs. 58 & 59). The resolution of this Motion would have been far better served had Plaintiff addressed his Response to the issues at hand rather than leveling personal insults and seeking to relitigate his already dismissed claims.

**IT IS THEREFORE ORDERED** that the City Defendants' Motion for Attorneys' Fees and Nontaxable Costs is **granted as modified**. The City Defendants are awarded **$175.00** in attorneys' fees under 28 U.S.C. § 1927.

Dated this 28th day of March, 2022.

Honorable Steven P. Logan
United States District Judge